IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 07-139 T
(Judge Mary Ellen Coster Williams)

STAPLES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

ANSWER

---

Defendant, the United States, through its attorneys, hereby answers plaintiff's complaint. Defendant denies each allegation contained therein that is not admitted or otherwise expressly addressed below. Defendant further responds as follows:

1. Admits that this action is brought under Sections 6532 and 7422 of the Internal Revenue Code seeking to recover federal excise taxes and statutory interest, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the taxes were paid to the United States with respect to the quarters ended March 31, 2000, through June 30, 2001.

2. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Admits the allegation contained in paragraph 4.

5. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5.

6. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

7. Avers that “venue” is conferred by 28 U.S.C. § 1491.

8. Admits that plaintiff seeks to recover federal excise taxes, but states that it currently lacks knowledge or information sufficient to form a belief that plaintiff overpaid its taxes.

9. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Paragraph 14 expresses a legal conclusion to which no response is necessary.

15. Paragraph 15 expresses a legal conclusion to which no response is necessary.

16. Paragraph 16 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

17. Paragraph 17 expresses a legal conclusion to which no response is necessary.

18. Paragraph 18 expresses a legal conclusion to which no response is necessary.

19. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Paragraph 20 expresses a legal conclusion to which no response is necessary. To the extent it also is making a factual allegation, states that it currently lacks knowledge or information sufficient to form a belief as to the truth of that allegation.

21. Paragraph 21 expresses a legal conclusion to which no response is necessary.

22. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Paragraph 23 expresses a legal conclusion to which no response is necessary. To the extent it also is making a factual allegation, states that it currently lacks knowledge or information sufficient to form a belief as to the truth of that allegation.

24. States that it currently lacks knowledge or information sufficient to form a belief that plaintiff overpaid its taxes or that defendant has not refunded any amounts plaintiff has claimed.

25. Admits the allegations contained in the first sentence with respect to the telephone services described in Section 1(a) of IRS Notice 2006-50 (2006-25 I.R.B. 1141). Admits that plaintiff’s long distance telephone services are not taxable to the extent they

constitute telephonic communications for which there is a toll charge that varies with elapsed transmission time and not distance, and plaintiff can establish it paid taxes on those services.

26. States that it currently currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

WHEREFORE, the United States prays that the Court allow the parties sufficient time to determine the amount, if any, of overpayment of telephone excise taxes due to plaintiff.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

May 4, 2007

s/G. Robson Stewart
Of Counsel