**No. 07-139T**
**Judge Mary Ellen Coster Williams**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STAPLES, INC.**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA**

**Defendant.**

---

**MOTION FOR A PROTECTIVE ORDER**

---

Pursuant to RCFC 26(c)(7), Plaintiff Staples, Inc. ("Plaintiff"), respectfully requests that this Motion for a Protective Order be entered by this Court, for the purpose of preserving and maintaining the confidentiality of certain information that may be disclosed by Plaintiff in the course of this litigation.

In order to determine the amount of the overpayment of telephone excise taxes due to Plaintiff, Plaintiff must provide defendant United States of America ("Defendant") with Plaintiff's telecommunications agreements and documents that demonstrate that the tax was collected from Plaintiff. The rates, terms and conditions in the agreements and related documents are confidential and proprietary to Plaintiff and its telecommunications carriers.

Defendant United States has indicated that it does not object to this Motion for a Protective Order.

Plaintiff wishes to prevent the disclosure of the following documents outside of this litigation:

1. AT&T Master Agreement, dated December 31, 1999;
2. AT&T Service Order Attachment—Voice/Data Services, original attachment effective date January 14, 2000;
3. AT&T Service Order Attachment—Voice/Data Services Addendum, original attachment effective date January 14, 2000;
4. AT&T Internet Transport Services—Service Order Attachment, dated March 15, 2000;
5. AT&T Amendment Number 1 to Master Agreement, dated March 11, 2002;
6. AT&T Service Order Attachment—North American Voice Services Addendum, dated March 11, 2002; and
7. AT&T Intrastate Services—Service Order Attachment, dated March 11, 2002.

Plaintiff does not object to the disclosure of the aforementioned documents to any expert retained by Defendant for purposes of this litigation or to any Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

Plaintiff may disclose additional documents, in which case Plaintiff will submit an additional motion for entry of a supplementary protective order, if those documents are deemed confidential and proprietary to Plaintiff and its telecommunications carriers.

Plaintiff shall mark **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. Each document containing protected information shall be marked "**CONFIDENTIAL.**"

Plaintiff agrees that Defendant may object to the designation of any of the documents under the Protective Order. Should the parties be unable to resolve the objection informally, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the disputed document(s) shall remain subject to the Protective Order.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for a Protective Order. A proposed Protective Order is attached herein as Exhibit A.

**Dated: December 20, 2007**

Respectfully submitted,

By: **/s/ Joseph A. Boyle**
Joseph A. Boyle

**KELLEY DRYE & WARREN LLP**
200 Kimball Drive
Parsippany, New Jersey 07054

**Attorneys for Plaintiff Staples, Inc.**