# In the United States Court of Federal Claims

**No. 07-139T**
**(Filed: January 4, 2008)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| **STAPLES, INC.,** | * |
| **Plaintiff,** | * |
| **v.** | * |
| **THE UNITED STATES,** | * |
| **Defendant.** | * |

* * * * * * * * * * * * * * * * * * * * * * * ** * * * *

---

## CONSENT PROTECTIVE ORDER

---

In accordance with the agreement of the parties, the Court enters this Protective Order. It is ordered that protected information provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. Protected information as used herein means:

   1. AT&T Master Agreement, dated December 31, 1999;

   2. AT&T Service Order Attachment -- Voice/Data Services, original attachment effective date January 14, 2000;

   3. AT&T Service Order Attachment -- Voice/Data Services Addendum, original attachment effective date January 14, 2000;

   4. AT&T Internet Transport Services -- Service Order Attachment, dated March 15, 2000;

   5. AT&T Amendment Number 1 to Master Agreement, dated March 11, 2002;

   6. AT&T Service Order Attachment -- North American Voice Services Addendum, dated March 11, 2002; and

7. AT&T Intrastate Services -- Service Order Attachment, dated March 11, 2002.

2. Protected information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2 (c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party; (ii) independent consultants and experts assisting such counsel in connection with this litigation; and (iii) Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

(b) To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Attachment 1) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Attachment 2). The party seeking to have such person granted access shall then provide a copy of the executed Application to the other party. Such person shall, without further action by the Court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the Court. Such person shall not be given access unless and until the Court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel and Internal Revenue Service personnel assisting counsel may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(d) Court and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

3. Protected information of any kind may be provided only to the Court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

4. Each document containing protected information is to be clearly marked "**CONFIDENTIAL**".

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves the

matter, the disputed information shall be treated as protected.

6. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including, but not limited to, physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

7. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each party shall (i) destroy all protected information and certify in writing that such destruction has occurred and/or (ii) return the protected information to the party from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings or internal memoranda necessary to the processing of any settlement of this case.

8. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

9. Nothing contained in the Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

10. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

11. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, the parties shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

**IT IS SO ORDERED.**

s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

**ATTACHMENT 1**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| **STAPLES, INC.,** | * | **No. 07-137T** |
| | * | **Judge Mary Ellen Coster Williams** |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, ____________________________, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of ___________________ and have been retained to represent __________________________, a party to this proceeding.

   b. I [inside counsel] am in-house counsel (my title is: _____________________) for _______________________, a party to this proceeding.

3. I am [ ] am not [ ] a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing “none” or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

6. I identify here (by writing “none” or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

7. I identify here (by writing “none” or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

8. I [inside counsel] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making;

d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth

above (including attached statements) are true and correct.

| | |
|---|---|
| Signature | Date Executed |
| Typed Name and Title | |
| Telephone Number | |
| Fax Number | |

| | |
|---|---|
| Signature of Attorney of Record | Date Executed |
| Typed Name and Title | |
| Telephone Number | |
| Fax Number | |

**ATTACHMENT 2**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STAPLES, INC.,** * **No. 07-137T**

**Judge Mary Ellen Coster Williams**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS**

1. I, the undersigned, am a ____________________ with ________________________ and hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I have been retained by __________________________ and will, under the direction and control of ____________________________, assist in the representation of __________________________in this proceeding.

3. I hereby certify that I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advance.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding. Neither I nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5. I have attached the following information:

a. a current resume describing my education and employment experience to date;

b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

c. a statement of the services I am expected to perform in connection with this proceeding;

d. a description of the financial interests that I, my spouse, and/or my family has in any entity that is an interested party in this proceeding or whose protected information will be reviewed; if none, I have so stated;

e. a list identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked, or have been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

f. a list of the professional associations to which I belong, including my identification numbers.

6. I have read a copy of the Protective Order issued by the court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any protected information produced in connection with the proceeding. I will not disclose any protected information to any individual who has not been admitted under the Protective Order by the court.

7. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

| | |
|---|---|
| ____________________ Signature | ____________________ Date Executed |
| ____________________ Typed Name and Title | |
| ____________________ Telephone Number | |
| ____________________ Fax Number | |

_____________________________
Signature of Attorney of Record

_____________________________
Date Executed

_____________________________
Typed Name and Title

_____________________________
Telephone Number

_____________________________
Fax Number